IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-12,387-07






EX PARTE DONNELL HOOPER, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

CAUSE NO. W81-12426-M IN THE 194TH DISTRICT COURT

FROM DALLAS COUNTY




 Per curiam.

 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated robbery, and punishment was assessed
at ninety-nine (99) years' confinement. Applicant's conviction was affirmed on appeal. 
State v. Hooper, No. 05-82-00056-CR (Tex. App. --Dallas, delivered May 5, 1983, no pet.).

 Applicant contends that he should have been released to mandatory supervision over
two years ago. 

 The trial court has entered findings of fact or conclusions of law finding that
Applicant fails to state sufficient facts upon which relief can be granted. However, we do
not believe that those findings are sufficient to completely resolve the issues presented. 
Because Applicant has stated facts requiring resolution and because this Court cannot hear
evidence, it is necessary for the matter to be remanded to the trial court for resolution of
those issues. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc.
art. 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
personnel at the Texas Department of Criminal Justice, Correctional Institutions Division and
the Board of Pardons and Paroles or it may order a hearing. In the appropriate case the trial
court may rely on its personal recollection.

 If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether Applicant is eligible for
release to mandatory supervision and, if so, whether he should be released. The trial court
should also make any further findings of fact and conclusions of law it deems relevant and
appropriate to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. The trial court shall resolve
the issues presented within ninety (90) days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within one hundred twenty (120) days of the date of
this order. (2)


 IT IS SO ORDERED THIS THE 25th DAY OF JANUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.